(Opinion published 56 N. W. Rep. 36.)

, 54 319
's59 203.

## James W. Johnson *vs.* J. McGill Smith *et al.*

Submitted on brief by appellant, argued by respondents, June 19, 1893.  Affirmed
July 26, 1893.

**Evidence Held to Disprove Negligence.**

In an action to recover for personal property destroyed while in the possession of defendants, as bailees, by a fire originating on their premises, *held*, that the evidence disproved negligence on their part as to the origin of the fire.

Appeal by plaintiff, James W. Johnson, from an order of the District Court of Ramsey County, *Chas. E. Otis,* J., made February 11, 1893, denying his motion for a new trial.

The defendants, J. McGill Smith and Herbert B. Farwell, were partners in repairing and storing furniture.  On April 2, 1892, plaintiff delivered to them household goods of the value of $550 to be repaired.  On April 25, 1892, while in their possession, the goods were destroyed by fire.  Plaintiff brought this action to recover their value.  Defendants denied liability, and claimed the goods were destroyed without fault or negligence on their part, and sought to recover of plaintiff $19.50 for repairs made by them on the goods before they were burned.  On the trial the court directed a verdict for defendants, for this counterclaim.

*C. D. & Thos. D. O'Brien,* for appellant.

The contract for repairing of the goods included the implied, as well as the actual, duty to safely keep and return them, and, being beneficial to both parties, the defendants were liable for any loss or detriment to the same, arising from their want of ordinary care. *St. Paul & S. C. R. Co.* v. *Minneapolis & St. L. Ry. Co.,* 26 Minn. 243.

Under the circumstances the burden was upon the defendants to show that they exercised ordinary care over the property. Without calling particular attention to specific portions of the evidence, it is enough to say that there is an entire absence of evidence upon the part of the defendants showing the exercise of even ordinary care. The question upon the evidence was entirely a matter for the jury to determine. *Jones* v. *Parish,* 1 Pinn. 494; *Donlin* v. *McQuade,* 61 Mich. 275; *Brown* v. *Waterman,* 10 Cush. 117; *Cumins* v. *Wood,* 44 Ill. 416; *Funkhouser* v. *Wagner,* 62 Ill. 59.

*Young & Lightner,* for respondents.

The plaintiff delivered to defendants to be repaired, certain household furniture. The defendants received the furniture and placed it on the fourth floor of their store. On the night of April 25, 1892, the store was burned and the plaintiff's furniture destroyed. The fire occurred in the evening, and originated on the first floor or in the basement of the store. The origin of the fire is unknown. The plaintiff brought this action for alleged conversion of his furniture. The defendants pleaded the contract of bailment and the destruction of the furniture by fire without their fault. On the trial there was no evidence tending to show that the defendants were guilty of any negligence, and the defendants introduced evidence which the court below held fully rebutted any presumption of negligence, if any such presumption existed, as matter of law. The defendants were in no sense insurers. Assuming that there was a presumption of negligence, the defendants' evidence has conclusively overthrown the presumption.

Whether or not the burden of proof rested upon the plaintiff to show negligence, is a question upon which the courts have differed. The weight of authority seems to be that the burden is upon

the plaintiff. Story, Bailments, § 410; 2 Kent, Com. 587; *Willett* v. *Rich*, 142 Mass. 356; *Whitworth* v. *Erie Ry. Co.*, 87 N. Y. 413; *Claflin* v. *Meyer*, 75 N. Y. 260; *Stewart* v. *Stone*, 127 N. Y. 500; *Railroad Co.* v. *Reeves*, 10 Wall. 176; *Transportation Co.* v. *Downer*, 11 Wall. 129; 5 Am. Law Review, 205; *Mills* v. *Gilberth*, 47 Me. 320; *Winthrop Sav. Bank* v. *Jackson*, 67 Me. 573.

When a bailor proves a delivery of his goods to the bailee and a demand for their return authorized by the contract of bailment, the burden is upon the defendant to excuse his failure to deliver. If the defendant then explains his failure to return, by showing a destruction of the goods, the burden is thrown back on the plaintiff to show that the defendant's negligence caused the destruction. *Willett* v. *Rich*, 142 Mass. 356; *Transportation Co.* v. *Downer*, 11 Wall. 129; *Cumins* v. *Wood*, 44 Ill. 416.

We have not overlooked *Chesley* v. *Mississippi & R. R. Boom Co.*, 39 Minn. 83, but it is distinguishable and subject to criticism. The court in that case says that no general rule applicable to all kinds of bailment can be stated. The decision is confined to the case of driving logs. The decision of the case did not turn upon this point. There is nothing in the case which conflicts with the principle for which we contend.

DICKINSON, J. The defendants were engaged in the business of selling, repairing, and upholstering household furniture in the city of St. Paul. The plaintiff delivered to them certain furniture to be repaired, and while they had it in their possession for that purpose it was destroyed by a fire which originated in the defendants' place of business, where they kept goods for sale. This action is for the recovery of the value of the property. Upon the evidence of both parties the court directed a verdict for the defendants, for the reason that, as the court considered, the case did not justify the conclusion that the defendants had been guilty of negligence.

The bailees were bound to exercise ordinary care, and if they did that they were not responsible for the destruction of the property. The case shows no negligence, unless the occurrence of the fire was attributable to some want of care on the part of the defendants, and the case turned upon the issue as to whether such was the fact. The court declined to decide, after the evidence was

closed, whether the burden of proving negligence in respect to the origin of the fire was on the plaintiff, or whether it was for the defendants to show that they were not negligent. It was not necessary for the court to rule upon that point, nor is it a matter of practical importance in the decision of this appeal. The defendants assumed the burden of exculpating themselves from fault as to the origin of the fire; and we concur in the conclusion of the trial court that, even assuming that the burden of proof was on the defendants, the case would not have justified a finding that they were chargeable with want of ordinary care. Even though the fact that the fire started on the defendants' premises would justify a presumption of negligence, in the absence of proof to the contrary, the evidence on their part rebutted that presumption, and it was unopposed by any evidence tending to show that they were at fault. Without referring particularly to the evidence, we may say that it showed that the fire started at about half past ten o'clock at night, the premises having been locked and left in a safe condition for the night about an hour before. There seems to be no room for conjecture as to the particular cause of the fire, and from the very nature of the case, the evidence to show that there was no negligence must have been of a somewhat general nature. It was, however, as particular, complete, and satisfactory as it could well be, in the absence of any charge, averment, or circumstance suggesting negligence in any particular respect. It is quite as reasonable to suppose that the fire was of incendiary origin as that it arose from any condition of things existing on the premises. However that may be, we regard the evidence as exculpating the defendants from any imputation of want of ordinary care, and the court was right in directing a verdict.

Order affirmed.

(Opinion published 56 N. W. Rep. 37.)